**James FELIX, a/k/a Muhsin Hassan Al Uqdah, Plaintiff-Appellant,**

v.

**Jesse R. ROLAN, Defendant-Appellee.**

**No. 87–2069**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1987.
Rehearing Denied Jan. 6, 1988.

**2.** *See also United States v. Howell,* 664 F.2d 101     (5th Cir.1981).

James Felix (Muhsin Hassan Al Uqdah), pro se.

Jim Mattox, Atty. Gen., Michael F. Lynch, Anthony J. Nelson, Asst. Attys. Gen., Austin, Tex., for defendant-appellee.

Before REAVLEY, RANDALL and JOLLY, Circuit Judges.

PER CURIAM:

Muhsin Hassan Al Uqdah, a state prisoner, filed a *pro se* section 1983 complaint against Jesse R. Rolan, library supervisor of the Ellis unit of the Texas Department of Corrections ("TDC"). After a hearing, pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985), the district court held that the plaintiff's claims were frivolous and dismissed the case under 28 U.S.C. § 1915(d).[1] We affirm the district court's decision.

Muhsin Hassan Al Uqdah, formerly James Felix, Jr., had his name legally changed while in prison when he became a Muslim, pursuant to the tenets of his religion. The plaintiff complains that the library supervisor, Jesse Rolan, denied him access to the prison law library when Al Uqdah refused to sign in as "James Felix," the name he had when he was committed. Al Uqdah asserts that the name "James Felix" is religiously offensive to him, and that requiring him to use it violates his first amendment rights. Al Uqdah further alleges that Rolan denied him stationery and other supplies needed to file legal complaints, that Rolan refused to mail his letters when they did not contain his committed name, and that Rolan filed false disciplinary reports against him. Al Uqdah claims he was denied vocational training and parole as a result of these false disciplinary reports that remain in his file.

As the district court notes in its memorandum, testimony during the *Spears* hearing indicates that the plaintiff requested 100 sheets of paper a week and received 75; that Rolan refused to mail letters for Al Uqdah only when they were overweight or not properly sealed; and that the disciplinary reports included in his file were not considered in his parole hearings or vocational training applications. Further, the state has no obligation to provide prisoners with college programs. *See Newman v. Alabama,* 559 F.2d 283 (5th Cir.1977), *cert. denied,* 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978). The district court concluded, therefore, that the plaintiff had failed to demonstrate any deprivation of a right secured by the Constitution and laws of the United States.

The trial court has broad discretion in determining whether an *in forma pauperis* proceeding is frivolous. Grounds for dismissal of an IFP proceeding are not as stringent as those used for summary judgment. "An IFP proceeding may be dismissed if (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; or (3) it is clear that the plaintiff can prove no set of facts in support of his claim." *Cay v. Estelle,* 789 F.2d 318, 326 (5th Cir.1986). After a careful review of the record in this case, including Al Uqdah's *Spears* hearing, we conclude that the district court did not abuse its discretion by dismissing Al Uqdah's complaint as frivolous.

The adoption of Muslim names by inmates practicing that religion is generally recognized to be an exercise of both first amendment speech and religious freedom.

---

1. Section 1915(d) states: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

*See Barrett v. Commonwealth of Virginia,* 689 F.2d 498 (4th Cir.1982); *Akbar v. Canney,* 634 F.2d 339 (6th Cir.1980), *cert. denied,* 450 U.S. 1002, 101 S.Ct. 1712, 68 L.Ed.2d 205 (1981). Restrictions on these rights pass constitutional muster only if they are no greater than is necessary to further important or substantial state interests. *Procunier v. Martinez,* 416 U.S. 396, 413, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974). The state's legitimate interest in prison security requires an efficient system of identification and administration of prisoners within its custody.[2] So, while the state cannot reasonably deny prisoners privileges simply because they have chosen to adopt a new name, the use of their "committed name," as an alias, for the purpose of identification of the prisoner, does not of itself violate the prisoner's constitutional rights. In this case TDC officials simply required that Al Uqdah sign into the library with both his committed name and his legal Muslim name as the prison regulations require. "The 'a/k/a' designation for the receipt of privileges and record keeping is a reasonable middle ground between absolute recognition of the plaintiff's Muslim names and the prison interests of order, security and administrative efficiency." *Azeez v. Fairman,* 604 F.Supp. 357, 364 (C.D.Ill.1985). The prison has not refused to recognize Al Uqdah's new name, it merely requires that for administrative efficiency he include his former name as an identifying alias. As for his other complaints, we find, as the district court did, that he has not presented any facts that would indicate that prison officials violated either their own regulations or the plaintiff's constitutional rights. Furthermore, given the prison officials' proper claim of qualified immunity (*see Jacquez v. Procunier,* 801 F.2d 789 (5th Cir. 1986)), it is particularly unlikely that Al Uqdah would ultimately prevail.

For these reasons, we hold that the district court did not abuse its discretion in

dismissing the complaint. The judgment of the district court is

AFFIRMED.

---

**2.** *See Masjid Muhammad–D.C.C. v. Keve,* 479 F.Supp. 1311 (D.Del.1979), which states: "A state may identify its citizens by any name, number or symbol it chooses ... even though the means of identification may be personally offensive to the person identified." *Id.* at 1324.