894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Yusuf MONTQEM, Plaintiff-Appellant,
v.
Paul GALLERT, Sgt., Defendant-Appellee.
 No. 89-1394.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1990.
 
 Before KEITH and KRUPANSKY, Circuit Judges and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Yusuf Montqem appeals the summary judgment for defendant in this civil rights action filed under 42 U.S.C. Sec. 1983. Plaintiff alleged that the defendant prison guard referred to him by his former name after plaintiff changed his name for religious reasons. Upon consideration, we conclude that summary judgment for defendant was proper.
 
 
 3
 Generally, summary judgment is proper "if the pleadings ... together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The moving party need not negate the opponent's claim, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), but must merely point out the absence of evidence supporting the claim. Celotex Corp., 477 U.S. at 325. Thereafter, the opposing party must establish that a genuine issue remains for trial. Celotex Corp., 477 U.S. at 324.
 
 
 4
 Here, the undisputed material facts reveal only an isolated reference to plaintiff by his former name. Although prisoners may possess a limited right to change their names for religious reasons, see, e.g., Salaam v. Lockhart, 856 F.2d 1120 (8th Cir.1988), this limited right has not been extended to entitle a prisoner to be addressed solely by his new name. See Felix v. Rolan, 833 F.2d 517 (5th Cir.1987) (per curiam). Simply put, the isolated incident at issue here does not arise to the level of a constitutional deprivation.
 
 
 5
 Finally, we note that plaintiff contends on appeal that his mail service was disrupted due to defendant's failure to issue a "door tag" in his new name. However, this claim was not presented to the district court and will not be addressed in the first instance on appeal. See Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.