### Mateen FAWAAD, Plaintiff,

### v.

### Tom HERRING, et al., Defendants.

### No. CV–93–N–1845–M.

United States District Court,
N.D. Alabama,
Middle Division.

Jan. 24, 1995.

Mateen Fawaad, pro se.

Horace N. Lynn, Alabama Dept. of Corrections Legal Div., Harry A. Lyles, Jeffery A. Foshee & Associates, Montgomery, AL, for defendants.

### Memorandum of Decision

EDWIN L. NELSON, District Judge.

In this civil action brought pursuant to 42 U.S.C. § 1983, the plaintiff, an Alabama prison inmate, asserts that the defendants have violated his right to freely practice his chosen religion by requiring him to use the name under which he was convicted and committed as well as his chosen religious name on both his outgoing and incoming mail. At the close of a bench trial on Monday, January 23, 1995, the court announced that judgment would be entered in favor of the defendants and against the plaintiff.

The material facts are not disputed. The plaintiff was born Jeffrey Bell and was convicted and committed under that name. Subsequent to his incarceration, he became an adherent of the Sunni Muslim faith and caused his name to be legally changed to Mateen Fawaad. There is no issue concerning whether the plaintiff sincerely holds religious tenets consistent with the Islamic faith or that his faith requires him to put aside his prior name and to adopt his new religious name.

For inmates such as Mr. Fawaad, the Alabama Department of Corrections has adopted and implemented a policy of permitting them to use and recognizing their religious names but of also using the name under which they were committed to the department, their "committed" name.[1] On February 28, 1992, another judge of this court enjoined the defendants, some of whom are present here, "to the extent it is within their power to do so, . . . from changing the said 'a/k/a' policy presently in effect." *Fawaad v. Thigpen*, CV–90–AR–1993–M. It is undisputed that the "a/k/a" policy referred to was the department's use of dual names. Since then the defendants here have required the plaintiff to use dual names on all outgoing and incoming mail.[2] They cite four grounds in support of this policy: (1) it is consistent with the order entered in CV–90–N–AR–1993–M; (2) because of efforts by some inmates and their outside correspondents to circumvent prison security regulations, it is necessary in order to assist officials to know exactly with whom they are dealing in situations in which unlawful conduct is suspected; (3) it promotes the need to maintain consistent inmate records; and (4) it would be unduly burdensome to either change records created before the name change or to modify such prior records to reflect the change.

---

1. Under this policy Mr. Fawaad would be "Mateen Fawaad a/k/a Jeffrey Bell."

2. There was evidence that employees at the prison institution, because they knew him, had on occasion delivered incoming mail to the plaintiff even though it did not include both names. Included was mail from the clerk of this court.

"The adoption of Muslim names by inmates practicing that religion is generally recognized to be an exercise of both first amendment speech and religious freedom." *Felix v. Rolan,* 833 F.2d 517, 581 (5th Cir. 1987). Government officials may "substantially burden a person's exercise of religion only if it ... is in furtherance of a compelling governmental interest ... and is the least restrictive means of furthering that compelling ... interest." 42 U.S.C. § 2000bb–1(b)(1) & (2). Since passage of the Religious Freedom Restoration Act, two Circuit Courts have considered cases in which inmates alleged that their rights to freely practice their religion was infringed by prison policies related to the use of newly adopted religious names. In *Malik v. Brown,* 16 F.3d 330 (9th Cir.1994), prison regulations required inmates to use their committed names on all outgoing and incoming mail. Applying the *O'Lone/Turner* test (*O'Lone v. Estate of Shabazz,* 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987) and *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)), the court concluded that permitting the use of both names was a reasonable middle ground between the competing interest of the inmate in the absolute recognition of his religious name and the interest of prison officials in order, security and administrative efficiency. In *Matthews v. Morales,* 23 F.3d 118 (5th Cir.1994), a Texas statute prohibited convicted felons from obtaining a name change until two years after parole. The court again applied the *O'Lone* rationale to conclude that the statute had a logical connection to a legitimate government interest. Of interest is that in *Matthews,* the court recognized that its prior decision in *Felix v. Rolan, supra,* preceded the *O'Lone* test. In *Felix,* the court said that prison regulations implicating free exercise concerns "pass constitutional muster only if they are no greater than is necessary to further important or substantial state interests," citing *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). Neither the *Malik* nor the *Matthews* courts addressed the application of the Religious Freedom Restoration Act.

The Eighth Circuit has held that the Religious Freedom Restoration Act applies to inmate claims of First Amendment infringements. *Brown–El v. Harris,* 26 F.3d 68 (8th Cir.1994).

■ Assuming, without deciding, that the requirement that the plaintiff use both his "committed" and religious names on his mail constitutes a "substantial" burden on the practice of his religion, the court is satisfied that no violation of Mr. Fawaad's rights to free speech or religion has occurred. It is difficult to conceive of a domestic governmental interest which would be more compelling than that of maintaining the security and order of a prison institution housing more than 300 inmates with sentences of life without parole. In such circumstances, it is absolutely essential that prison officials control the flow of contraband into and out of the prison and to quickly and efficiently detect violations of security regulations. Without doubt the sure and immediate identification of the sender and intended recipient of suspect mail is of paramount importance. Furthermore, the use of dual names has the commendable effect of allowing the plaintiff to use his religiously adopted name while concomitantly providing the means by which the defendants may control the use of prison mail to further unlawful activities in a way which is least restrictive of the plaintiff's exercise of religion. Judgment will be entered in favor of the defendants and against the plaintiff.

■ The plaintiff was permitted to initiate and prosecute this action *in forma pauperis.* At the bench trial, there was evidence that on January 23, 1995, at approximately 7:00 a.m. the plaintiff had a balance of $167.76 in his prison account. Under these circumstances, it is appropriate to modify the order permitting the plaintiff to proceed as a pauper and to require him to pay a partial filing fee of $25.00.

### Judgment

In accord with the Memorandum of Decision, entered contemporaneously herewith, it is **ORDERED:**

1. the plaintiff shall have and recover of the defendants, nothing;

2. the action is **DISMISSED WITH PREJUDICE;**

3. costs are taxed against the plaintiff and in favor of the defendants; and

4. the plaintiff shall, within eleven (11) days of the date on which this order is filed, pay a partial filing fee to the Clerk in the amount of $25.00.