United States Court of Appeals,

Eleventh Circuit.

No. 95-6094.

Non-Argument Calendar.

Mateen FAWAAD, Plaintiff-Appellant,

v.

Ronald E. JONES, Prison Commissioner, Larry Burton, Warden, Ron Hightower, Regional Director, Paul Whaley, Director of Classification, Kelly, Mail Personnel at SCCF, Davis, Mail Clerk at St. Clair Correctional Facility, Defendants-Appellees.

April 29, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV-93-N-1845-M), Edwin L. Nelson, Judge.

Before TJOFLAT, Chief Judge, and HATCHETT and BIRCH, Circuit Judges.

PER CURIAM:

In this *pro se,* 42 U.S.C. § 1983 appeal, state prisoner Mateen Fawaad argues that the Alabama Department of Corrections policy, requiring inmates to use both their religious names and their commitment names on all incoming and outgoing mail, violates his constitutional right to practice his religion freely under the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. §§ 2000bb-2000bb-4 (1994). Following a nonjury trial, the district court entered judgment for the prison officials and dismissed Fawaad's complaint with prejudice, because the court determined that the prison officials had a compelling state interest in requiring inmates to use both their commitment and religious names on mail. This case presents our circuit with its first opportunity to address an inmate's constitutional right to practice his or her religion freely following RFRA. We AFFIRM.

The material facts in this case are not disputed and are presented fully by the district court. *Fawaad v. Herring,* 874 F.Supp. 350, 351 (N.D.Ala.1995). Subsequent to his incarceration, Fawaad converted to the Islamic faith and legally changed his name from Jeffrey Bell to Mateen Fawaad. It is undisputed that Fawaad's religion requires him to abandon the name Jeffrey Bell and to adopt his new religious name. The Alabama Department of Corrections policy regarding inmates, who have legally changed their names following incarceration, is to require inmates to use dual names on all incoming and outgoing mail. Under this system, Fawaad is required to refer to himself as "Mateen Fawaad, a/k/a Jeffrey Bell." In 1992, another judge in the Northern District of Alabama enjoined the Department of Corrections from changing the dual name policy. *Id.* at 351 (citing *Fawaad v. Thigpen,* CV-90-AR-1993-M).

Fawaad contends that he should be allowed to use only his religious name on all correspondence, and that the dual name policy violates RFRA, which provides in pertinent part:

> (a) Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section.

> (b) Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person—

> (1) is in furtherance of a compelling governmental interest; and

> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000bb-1. The district court held that, "[a]ssuming without deciding, that the requirement that the plaintiff use both his "committed' and religious names on his mail constitutes a

"substantial' burden on the practice of his religion, the court is satisfied that no violation of Mr. Fawaad's rights to free speech or religion has occurred." *Fawaad,* 874 F.Supp. at 352. The court found that maintaining security and order in the prison constituted a compelling governmental interest, and that the dual name policy was the least restrictive means of furthering that interest.[1] *Id.*

It is well established that prison inmates are entitled to bring actions based on free exercise rights protected by the First Amendment. U.S. Const. amend. I; *Turner v. Safley,* 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987); *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). Other circuits have held that inmates have a First Amendment interest in using their legally changed religious names, at least in conjunction with their commitment names. *See Malik v. Brown,* 71 F.3d 724, 727 (9th Cir.1995); *Salaam v. Lockhart,* 905 F.2d 1168,

---

[1]The district court concluded:

> It is difficult to conceive of a domestic governmental interest which would be more compelling than that of maintaining the security and order of a prison institution housing more than 300 inmates with sentences of life without parole. In such circumstances, it is absolutely essential that prison officials control the flow of contraband into and out of the prison and to quickly and efficiently detect violations of security regulations. Without doubt the sure and immediate identification of the sender and intended recipient of suspect mail is of paramount importance. Furthermore, the use of dual names has the commendable effect of allowing the plaintiff to use his religiously adopted name while concomitantly providing the means by which the defendants may control the use of prison mail to further unlawful activities in a way which is least restrictive of the plaintiff's exercise of religion.

*Fawaad,* 874 F.Supp. at 352.

1170 (8th Cir.1990), *cert. denied,* 498 U.S. 1026, 111 S.Ct. 677, 112 L.Ed.2d 669 (1991); *Felix v. Rolan,* 833 F.2d 517, 518-19 (5th Cir.1987) (per curiam); *Barrett v. Virginia,* 689 F.2d 498, 501 (4th Cir.1982). Because the issue is not before us in this case, we assume without deciding that an inmate who sincerely holds a religious belief that requires the legal adoption of a religious name has a First Amendment interest in using that religious name in conjunction with his or her commitment name.

Before the enactment of RFRA, the constitutionality of prison regulations was subject to a "reasonableness" test. *Turner,* 482 U.S. at 89, 107 S.Ct. at 2261. In *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), the Supreme Court held that "prison regulations alleged to infringe constitutional rights are judged under a "reasonableness' test less restrictive than that ordinarily applied to alleged infringements of constitutional rights." *Id.* at 349, 107 S.Ct. at 2404. The legislative history of RFRA reflects Congress's specific intent "to restore traditional protection afforded to prisoners' claims prior to *O'Lone.*" S.Rep. No. 111, 103d Cong., 1st Sess. 10 (1993), *reprinted in* 1993 U.S.C.C.A.N. 1892, 1899.[2] RFRA now would require

_____

[2]The Senate Report provides that:

> Prior to *O'Lone,* courts used a balancing test in cases where an inmate's free exercise rights were burdened by an institutional regulation; only regulations based upon penological concerns of the "highest order" could outweigh an inmate's claims....

....

> The committee does not intend the act to impose a standard that would exacerbate the difficult and complex challenges of operating the Nation's prisons

us to apply strict scrutiny to the prison regulation.[3]

In *Felix,* the Fifth Circuit determined that "[t]he adoption of Muslim names by inmates practicing that religion is generally recognized to be an exercise of both first amendment speech and religious freedom."  833 F.2d at 518 (citing *Barrett,* 689 F.2d 498; *Akbar v. Canney,* 634 F.2d 339 (6th Cir.1980) (per curiam), *cert. denied,* 450 U.S. 1002, 101 S.Ct. 1712, 68 L.Ed.2d 205 (1981)). Applying strict scrutiny to a prison regulation that required inmates to use their committed name at least in conjunction with their religious name, the Fifth Circuit reached the following conclusion:

> The state's legitimate interest in prison security requires an efficient system of identification and administration of prisoners within its custody.  So, while the state cannot reasonably deny prisoners privileges simply because they have chosen to adopt a new name, the use of their "committed name," as an alias, for the purpose of identification of the prisoner, does not of itself violate the prisoner's

> and jails in a safe and secure manner.  Accordingly, the committee expects that the courts will continue the tradition of giving due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.

S.Rep. No. 111, 1993 U.S.C.C.A.N. at 1899–1900.

[3]The Fifth Circuit recently held that Section 5 of the Fourteenth Amendment empowered Congress to enact RFRA and that RFRA "does not usurp the judiciary's power to interpret the Constitution." *Flores v. City of Boerne,* 73 F.3d 1352, 1364 (5th Cir.1996).  Several other circuits have avoided addressing the constitutionality of RFRA. *See, e.g., Hamilton v. Schriro,* 74 F.3d 1545 (8th Cir.1996).  Because the constitutionality of RFRA is not before us, we find it unnecessary to address that issue in order to decide this case.  Significantly, the prison regulation challenged by Fawaad meets both the former reasonableness standard and the higher strict scrutiny standard established by RFRA.

constitutional rights.

*Id.* at 519 (footnote omitted).

The evidence presented at the trial in this case reflects the importance of an efficient identification system as discussed in *Felix.* At trial, the Warden of St. Clair Correctional Facility in Springville, Alabama, where Fawaad is incarcerated, testified that requiring inmates to use both their committed names and religious names on correspondence is essential to maintain prison security.

> Q: What is the reason for wanting both names in his prison files—
>
> A (Warden): To keep track of the correspondence in and out. We've had money order scams; we've found pistols in apple pies; we've found cocaine in the Cracker Jacks; marijuana in Christmas cards. So, we like to know who it comes from and where it goes out from.

R2-41-22. The district court noted during the trial that:

> [I]f an inmate comes in with one name and at some point the name is changed and all the records from that point forward reflect the new name and the records from that point backward reflect the old name, it would be necessary to try to put together an entire record, that might be difficult to do, it might be made more difficult by name changes.

R2-41-36.

Assuming without deciding that RFRA is constitutional, we agree with the district court that maintaining security in a prison constitutes a compelling governmental interest. The control of contraband into and out of the prison is a fundamental part of maintaining prison security, and the requirement of dual names on incoming and outgoing mail is the least restrictive means of satisfying that compelling interest. Therefore, the judgment entered by the district court for the prison officials is AFFIRMED.