# CIRCUIT COURT OF ROCKINGHAM COUNTY

In re Petition of
Philip David Wampler
for a Change of Name

August 21, 1998

BY JUDGE JOHN J. MCGRATH, JR.

This matter comes before the Court on the handwritten application of Philip David Wampler to proceed *in forma pauperis* and his verified Petition for a Change of Name to change his name to Kelly Cook. The Petitioner, who is a prisoner in the local jail, has petitioned to proceed *in forma pauperis*, and said petition is granted because his total assets apparently consist of $0.31.

Philip David Wampler was born on March 14, 1967, in the City of Harrisonburg and was given the name Philip David Wampler by his parents. While incarcerated in a state correctional facility, Mr. Wampler petitioned the Circuit Court of Augusta County to change his name to Gina Dotson. That petition was granted by the Circuit Court of Augusta County on January 11, 1996.

On July 24, 1997, the petitioner, then known as Gina Dotson, petitioned this Court for the purpose of changing his name back to his birth name of Philip David Wampler. That petition for a change of name was granted by Order of this Court dated August 4, 1997.

The current Petition does not assert the reasons that Mr. Wampler now desires once again to change his name, but the Court cannot but note that both this petition to change his name to Kelly Cook and his earlier petition to change his name to Gina Dotson were filed by the petitioner while he was incarcerated.

Although the Virginia statute providing for a change of name (§ 8.01-217) is, to some extent, mandatory in nature, in that a petition for a change of name shall be granted unless it is found that the application is made for a fraudulent purpose, the Court has the inherent right to protect the legal processes from being abused.

However, in this case, the Court need not rely for its denial of the petition for a change of name on its inherent authority to restrict the abusive filing of petitions or other pleadings. The Virginia Legislature after the Fourth Circuit Court of Appeals decision in *Barrett v. Commonwealth of Virginia*, 689 F.2d 498 (4th Cir. 1982), amended the change of name statute to its current form in order to avoid the constitutional infirmities that had been found in the prior statute. In so doing, the Legislature has provided that "applications of probationers and incarcerated persons may be accepted if the court finds that good cause exists for such application." There is no demonstration in the petition filed in this case as to any good cause why Mr. Philip David Wampler, who previously changed his name to Gina Dotson and then changed his name back to Philip David Wampler, should be permitted to now change his name to Kelly Cook.

Therefore, the petition for change of name is denied.