IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 98-30645
Conference Calendar

———————————

KIRK SPENCER,

Plaintiff-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary, ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 96-CV-3294-B
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Kirk Spencer, Louisiana prisoner # 107286, appeals the district court's grant of summary judgment for the defendants in this 42 U.S.C. § 1983 action alleging that the defendants violated his First Amendment rights and his right to equal protection by refusing to change his name on prison records and his identification card to his legal Muslim name.

Spencer argues on appeal that he was denied equal protection when the defendants refused to issue him an identification card

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reflecting his religious name as his legal name, as was previously done for other similarly situated Muslim inmates. Spencer has filed a motion to supplement the record on appeal with a state court judgment in which a state court judge ruled that the application of La. Rev. Stat. Ann. § 13:4751(D) (West Supp. 1999) to prevent a Muslim inmate from changing his name violated the First Amendment.  The motion to supplement the record with this judgment is GRANTED.  See Fed. R. App. P. 28(j).

Spencer identifies as a disputed fact the affidavits of other inmates who allegedly have been allowed to be identified by their Muslim names only on their identification cards.  In their affidavits, these prisoners state that their name changes occurred before the effective date of the 1988 amendment prohibiting name changes for felons.  The district court did not err in granting summary judgment for the defendants.  See Matthews v. Morales, 23 F.3d 118, 119-20 (5th Cir. 1994); Felix v. Rolan, 833 F.2d 517, 518-19 (5th Cir. 1987).

AFFIRMED.