## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Damon Arlanda Anderson

v.

T. S. Ray, Warden,
Augusta Correctional Center

January 13, 2004

Case No. (Indictment) 96-3797

BY JUDGE MARK S. DAVIS

This matter is before the Court on petitioner's "Motion for Amendment to Original Sentencing Order for Name Change." Petitioner requests in this motion that the Portsmouth Circuit Court amend his Sentencing Order, entered by this Court on December 11, 1998, in Commonwealth of Virginia v. Damon Arlanda Anderson, Indictment Number 96-3797, for the purpose of having the Department of Corrections recognize his name change.

### I. *Factual and Procedural Background*

The petitioner in this matter is an inmate in the Augusta County Correctional Facility. He was convicted in the Portsmouth Circuit Court on December 11, 1998 of Aggravated Malicious Wounding and Use of a Firearm in the Commission of a Felony. As a result of these two convictions, he was sentenced to a total of 33 years incarceration on February 25, 1998.

On July 25, 2003, the Circuit Court of Augusta County granted the petitioner's request for name change from Damon Arlanda Anderson to Nasir Sincere Muhammad. Mr. Muhammad then sent the name change Order from the Augusta County Circuit Court to the Department of Corrections seeking to have his name changed in the department's computer and record keeping system. The Department of Corrections refused, in writing, to make any changes in Mr. Muhammad's file other than to add his new name as an "a/k/a" or "also known as." The Department of Corrections still requires Mr.

Muhammad to use his former (conviction) name for all identification purposes, but also shows his new name.

The August 8, 2003, Department of Corrections memorandum submitted by petitioner reflects that he was addressed by both his original conviction name, Damon A. Anderson, as well as his "a/k/a," Nasir Sincere Muhammad. The memorandum goes on to state that "this memorandum is to advise you that this [new] name will be shown as an a/k/a on your records in order for you to send and receive mail, practice religion, access the Law Library, access the Commissary, and your funds. You may use either your state name or your new name to sign required forms and documents; *however, you will be required at Augusta Correctional Center to list your state name and inmate number, in addition to your 'new' name for identification purposes. Your state name and number must be listed first. No new I.D.'s will be made.* Your original sentencing order would have to be changed by the court that you were sentenced under before official records could reflect your new name."

In a letter dated August 25, 2003, the Department of Corrections informed Mr. Muhammad that the only way that it would make the change was if Mr. Muhammad was able to obtain a Court Order from the original sentencing Court, amending his original Sentencing Order. Mr. Muhammad then brought this petition in the Portsmouth Circuit Court requesting issuance of an Order to Amend the Sentencing Order for a Name Change.

## II. *Discussion*

Pursuant to Rule 1:1 of the Rules of the Virginia Supreme Court, "all final judgments, orders, and decrees, irrespective of terms of Court, shall remain under the control of the trial Court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." The plain language of Rule 1:1 precludes this Court from making any substantive changes in the petitioner's Sentencing Order because more than 21 days have passed since entry of such Order. However, the Virginia Supreme Court recognized in *Dorn v. Dorn*, 222 Va. 288, 279 S.E.2d 393 (1981), that Rule 1:1 was not intended to limit, and in fact could not limit, the trial Court's statutory authority pursuant to Va. Code § 8.01-428(B) to correct "clerical errors" or "errors therein arising from oversight or from an inadvertent omission. . . ." This limited exception does not apply to the instant case. Here we have a man who changed his name over four years after the judgment became final. There were no clerical mistakes because his name was accurate at the time the Sentencing Order was entered.

It is the opinion of this Court that when read in conjunction, Rule 1:1 and Va. Code § 8.01-428(B) were not intended to allow a Court to change its original Order to reflect a *subsequent* name change, and, therefore, Mr. Muhammad's request cannot be granted, and the relief he is seeking cannot be obtained in this Court. These facts do not fall within the ambit of Va. Code § 8.01-428(B), which tracks the language of Rule 60(a) of the Federal Rules of Civil Procedure, because a subsequent name change is not an "oversight" or "inadvertent omission." *See Security Mutual Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062 (10th Cir. 1980) (noting that Rule 60(a) may not be used to change something which has been deliberately done).

Finally, while this matter is not before the Court on allegations of a constitutional violation, the Court notes that this issue has been addressed by the federal courts in the context of a prisoner's constitutional challenge. In *Barrett v. Virginia*, 689 F.2d 498, 502 (4th Cir. 1982), the U.S. Court of Appeals reviewed a ruling by a U.S. District Court in Virginia that the records of the Department of Corrections must be reorganized "according to a prisoner's legally adopted religious name, reflecting that name as his principal appellation and his previous legal name only as an alias." The Court of Appeals reversed the District Court's ruling on this issue, stating that "several precedents indicate that the free exercise of religion is satisfied by prospective recognition of a prisoner's adopted Muslim name and does not require revision or reordering of existing files." *Id.* The *Barrett* Court concluded that, while the correctional authorities may not properly condition the receipt of services or benefits upon a prisoner waiving his right to legal recognition of an adopted religious name, "the mere fact that correctional authorities maintain a prisoner's records in the name he used when convicted implicates no constitutional right." *Id., see also Felix v. Rolan*, 833 F.2d 517, 518 (5th Cir. 1987) (noting that use of a/k/a designation for the receipt of privileges and record keeping is a reasonable middle ground between absolute recognition of the plaintiffs Muslim name and the prison's interest in order, security, and administrative efficiency); *Abdulhaseeb v. Saffle*, 65 Fed. Appx. 667, 672, 2003 U.S. App. LEXIS 5928, *10 (10th Cir. 2003) (unpublished disposition, holding that while prisoner may have First Amendment interest in using his changed name, that does not trump the prison's interest in security and efficient record-keeping and fact that prisoner is allowed to use his changed name *and* official name on official forms is appropriate).

(The Virginia statute governing name changes was amended by the Virginia legislature after the *Barrett* decision in order to allow prisoners the opportunity to change their names. *In re Wampler*, 46 Va. Cir. 312, 313 (Rockingham County 1998).)

*III. Conclusion*

Pursuant to Rule 1:1 of the Rules of the Supreme Court of Virginia and Va. Code § 8.01-428(B), the Circuit Court does not have jurisdiction to entertain petitioner's request as twenty-one days have passed since entry of final judgment and the change in petitioner's name is not the result of a clerical mistake arising from oversight or an inadvertent omission. Petitioner's motion is hereby denied. It is so ordered.