# CIRCUIT COURT OF LEE COUNTY

In re Petition of
Patrick Neal Champion
for Change of Name

March 25, 2004

BY JUDGE JOHN C. KILGORE

This matter is before the Court on the handwritten application of Patrick Neal Champion to proceed *in forma pauperis* and his verified Petition for a Change of Name to change his name to Catherine L. Quick. The petitioner is currently incarcerated in the federal penitentiary in Springfield, Missouri, having been transferred from the federal penitentiary in Lee County, Virginia. The petition to proceed *in forma pauperis* is granted.

Petitioner was born on August 17, 1963, in Yuma County, Arizona, and was given the name Patrick Neal Champion by his parents. Petitioner now requests a change of name from Patrick Neal Champion to Catherine L. Quick. The petition states the request is made on the basis that petitioner is a "pre-operative transsexual and the name change is requested in order to facilitate the healing process." Petitioner included an attached "Statement in Support," which sets forth petitioner's assertion that the request is not made for any fraudulent purpose, as well as additional grounds related to petitioner's intention to surgically change gender upon release from incarceration. The petition also recites petitioner's prior criminal record including convictions for several sex offenses including: "use of phone/internet to entice minor to sex; transport minor for sex; sexual exploitation … aggravated rape; aggravated kidnapping; statutory rape; and sexually exploiting a minor," with an estimated release date of November 22, 2011. Petitioner indicates these convictions will require "[registration] with law enforcement agencies." Finally, petitioner's letter dated February 26, 2004, indicates a change in petitioner's residence due to a transfer from USP Lee County, Va., to USP Springfield, Mo. Thus, petitioner no longer resides in, nor has any connection to, the Commonwealth of Virginia.

The "good cause" standard contained in Virginia Code § 8.01-217 has not yet been addressed by the Virginia Supreme Court in the context of name change petitions to accommodate gender dysphoria. However, the Rockingham County Circuit Court, in the case of *In re Wampler*, 46 Va. Cir. 312 (1998), refused a petition filed under similar circumstances to those presented by the instant case.

Based upon the plain language of § 8.01-217 and the reasoning of the Circuit Court in *Wampler, Id.*, I find that "good cause" in the context of prisoner petitions to accommodate gender dysphoria rests within the discretion of the court. This class of cases is distinguished from the case of *Barrett v. Virginia*, 689 F.2d 498 (4th Cir. 1982), in that a name change to accommodate a gender dysphoria is not a constitutionally protected purpose which is comparable to a name change to accommodate religious beliefs protected by the First Amendment to the United States Constitution.

Having decided that the grant or denial of a name change under these circumstances is discretionary with the court, I decline to grant the request in this case. Petitioner's criminal record contains several convictions for sex offenses that require future registration with law enforcement agencies. It appears that granting the requested name change would serve only to frustrate the purpose of the registration requirements, regardless of the petitioner's actual intent. In determining whether "good cause" exists, the petitioner's stated reasons for the name change must necessarily outweigh the potential negative impact upon the community. The petitioner's argument fails to meet that burden in this case.

Additionally, I fail to see the benefit to the petitioner, who was born in Arizona and resides in Missouri, to have his request for a name change granted in Virginia. As stated previously, petitioner maintains no contact whatsoever to the Commonwealth. In order to achieve the benefit sought through a name change, it would appear petitioner's efforts should be directed toward Arizona or Missouri.

For the reasons stated herein, the Court denies petitioner's request for a name change pursuant to § 8.01-217, and this matter is hereby stricken from the Court's docket.