**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 11, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-61018
Conference Calendar

_____

JERICO HOWARD, also known as Shakuula Romello Qionna,

                                        Plaintiff-Appellant,

versus

MICHAEL A. WILSON, Superintendent, in His Individual Capacity;
LAWRENCE KELLY, Superintendent, in His Official Capacity; LARRY
HARDEE, Legal Claims Adjudicator, in His Official and Individual
Capacities; LETITIA ROACH, Offender Services, in Her Official and
Individual Capacities; LORENE SCOTT, Mississippi State
Penitentiary Records, in Her Individual and Official Capacities,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:03-CV-455
---------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Jerico Howard, Mississippi prisoner # 65919, has filed a
motion to proceed in forma pauperis (IFP) on appeal from the
dismissal of his action under 42 U.S.C. § 1983.  The district
court denied Howard's motion to appeal IFP and certified that the
appeal was not taken in good faith.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

By moving to proceed IFP, Howard is challenging the district court's certification.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  Because the merits of Howard's appeal are "inextricably intertwined" with the district court's certification that the appeal was not taken in good faith, we determine both issues, denying IFP and dismissing the appeal.  See id.

Howard fails to allege a constitutional violation for purposes of his claim that the refusal by the Mississippi Department of Corrections to recognize his "Muslim identity" impinges upon his First Amendment rights.  Although the adoption of a Muslim name is considered an exercise of religious freedom, see Felix v. Rolan, 833 F.2d 517, 518 (5th Cir. 1987), the refusal by prison officials to recognize the name change does not violate his free exercise of religion.  See Matthews v. Morales, 23 F.3d 118, 119-20 (5th Cir. 1994).  Under these circumstances, the district court did not err in dismissing Howard's complaint for failure to state a claim.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Howard's IFP motion is denied, and his appeal is dismissed as frivolous.  See 5TH CIR. R. 42.2.

The district court's dismissal of Howard's complaint for failure to state a claim, and the dismissal of this appeal as frivolous, both count as strikes under 28 U.S.C. § 1915(g).  Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Howard is cautioned that if he accumulates three strikes, he will

no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.