

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# Ali v. Stickman

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2653

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ali v. Stickman" (2006). *2006 Decisions*. Paper 202.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/202

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2653

IMANUEL BASSIL ALI,
                                    Appellant

v.

WILLIAM STICKMAN, Superintendent; CONNER BLAINE,
Former Superint.; SHARON D'ELETTO, Grievance Coordinator;
BEN ANSELL; KERRI CROSS, Disciplinary Hearing Examiner;
M. J. MATTHEWS, Disciplinary Hearing Examiner; KENNETH
WARMAN; MICHAEL MAHLMEISTER; KEN MILLER, Unit Manager;
DAVID DAY, Unit Manager; C/O MOORE; C/O KERBY, SGT.;
C/O GOODMAN, Correction Officer/Guard; LT. LEGGET,
Correctional Officer/Guard; MICHAEL SMITH, Activities Manager;
BONNEY HIGGINS, Chaplain Assistant; THOMAS JACKSON,
Deputy Superint. of Centralize Service; DAN DAVIS, Release of
Information Coordinator; F. BARNES, Counselor; JEFFREY BEARD,
Secretary of Corrections; ROBERT BITNER, Chief Hearing Examiner;
THOMAS JAMES, Chief Grievance Coordinator

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-00516)
District Judge:  Honorable Donetta W. Ambrose

Submitted Under Third Circuit LAR 34.1(a)
October 11, 2006

Before:  Barry, Chagares and Cowen, <u>Circuit Judges</u>.

(Filed: November 16, 2006)

PER CURIAM

In 1983, Appellant legally changed his name from Emanuel Lester to Imanuel Bassil Ali (hereinafter his "legal name"). However, in 1990, he was prosecuted and committed to prison as Emmanuel Lester, and, since 1995, when he was transferred to serve his capital sentence at the State Correctional Institution at Greene ("SCI-Greene"), he has been required to use the name Emmanuel Lester (hereinafter Ali's "commitment name").

In 2003, Ali sued multiple defendants associated with SCI-Greene. He claimed that he faced reprisals for using his legal name, including misconduct write-ups and subsequent severe disciplinary sanctions. He also alleged that he has faced discipline for using the prison grievance procedures under his legal name to complain of prison conditions and physical assaults, and that his grievances have not been accepted because he submitted them in his legal name. Defendants moved for summary judgment, which the District Court granted on May 20, 2004, by adopting the recommendation of a

Magistrate Judge.[1]  Ali appeals.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's grant of summary judgment.  See Abramson v. William Paterson College, 260 F.3d 265, 276 (3d Cir. 2001).  Upon review, we conclude that Ali's claims of retaliation fail because he did not engage in a protected activity.  Accordingly, we will affirm the District Court's judgment.  See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988) (holding that we may affirm on an alternative basis supported by the record).

Ali alleged retaliation for the exercise of a First Amendment right.  Therefore, he

---

[1] In the Report & Recommendation, the Magistrate Judge split Ali's claims into two and characterized them differently than we do.  Defining the first claim as an allegation that Ali's rights were violated by Defendants' requirement that he use his commitment name in conjunction with what the Magistrate Judge characterized as Ali's religious name on all prison documents, the Magistrate Judge determined that Ali could not state a claim on such a basis.  The Magistrate Judge noted that "courts have consistently recognized that although an inmate might have the right to utilize his Muslim name, such name at the least must appear in conjunction with the name under which he has been committed and that prison officials have the right to require an inmate to utilize his committed name on all prison matters." (Report & Recommendation at 3-4.)  The Magistrate Judge concluded that Ali could not succeed on the second claim, that he had been assaulted by guards and been denied the right to participate in the inmate grievance procedure because he refused to use his commitment name.  Specifically, the Magistrate Judge determined that Defendants had not retaliated against him for exercising a protected right but instead disciplined him or rejected his grievances because he had refused to use his commitment name. (Report & Recommendation at 4-5.)

[2] Originally, Ali also appealed from an earlier order issued on May 14, 2004, in which the District Court denied Ali's appeal from the Magistrate Judge's denial of Ali's motion for leave to file a supplemental complaint.  However, Ali has since decided not to pursue an appeal of the order of May 14, 2004. (Appellant's brief at "1-6.")

first must prove that the conduct that led to the alleged retaliation was constitutionally protected. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). The First Amendment "protects an inmate's right to legal recognition of an adopted religious name," Barrett v. Virginia, 689 F.2d 489, 503 (4th Cir. 1982), and an inmate who has legally adopted a religious name has an interest in using his legal name with his commitment name, see Fawaad v. Jones, 81 F.3d 1084, 1086 (11th Cir. 1996) (assuming without deciding that the interest exists). At least in cases in which an inmate changes his name after he is incarcerated, a prison requirement that inmates use their committed names in conjunction with new religious names is an appropriate accommodation of the competing interests of the inmate and the prison. See Fawaad, 81 F.3d at 1087; Malik v. Brown, 71 F.3d 724, 729 (9th Cir. 1995).

However, Ali's use of his legal name does not implicate the First Amendment. Ali did not adopt or use a religious name. In the District Court, Ali explained that he adopted his legal name "to reflect [his] African culture ties and ethnic heritage." (Ali's Pretrial Statement.) Although "Ali" is a traditionally Muslim name, Ali describes it only as his "true legal surname" or his "true surname." (Complaint, Appellant's Brief and Reply Brief, passim.) Moreover, in his reply brief, Ali specifically disavows that Ali is his religious name, stating that "Ali is not his religious name." (Reply at 1.) Ali merely

4

sought to use a name different from the name under which he was committed.[3] His preference is not protected by the First Amendment.[4]

In sum, the District Court properly granted summary judgment in favor of Defendants on Ali's retaliation claims because Ali did not engage in protected activity. Accordingly, we will affirm the District Court's judgment.

---

[3] In some instances, Ali used only his legal name and his inmate number. At other times, Ali may have used his legal name in conjunction with his commitment name and inmate number. Ali signed his legal name and printed his commitment name and inmate number on a cell search log. (Defendants' Motion for Summary Judgment at Exhibit U.) Ali appears to have signed his legal name in the "signature block" of grievance forms even though he also printed his commitment name and his inmate number on the documents. (Defendants' Motion for Summary Judgment at Exhibits C, O, P, Q, S). Also, Ali seems to have signed his legal name and printed his inmate number next to his typed commitment name on mail logs. (Defendants' Motion for Summary Judgment at Exhibits F, I, J, L, M, N, R.)

[4] Ali even concedes that "his religious practices were not violated []or implicated by the restrictions placed on the use of Ali's name." (Reply at 1.)