# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50583
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 19, 2024

Lyle W. Cayce
Clerk

Larry R. Steele,

*Plaintiff—Appellant*,

*versus*

United States Postal Service; State of Texas; United States of America; Bryan Collier, *Executive Director, Texas Department of Criminal Justice*; Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CV-4

---

Before Clement, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Larry R. Steele, Texas prisoner # 01864228, moves for leave to proceed in forma pauperis (IFP) in this appeal of the dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown*

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50583

*Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The district court dismissed Steele's claims against the United States Postal Service (USPS), the United States, and the State of Texas after determining that the defendants were immune from suit. Steele maintains that the USPS is no longer a governmental entity and thus does not warrant sovereign immunity. He is incorrect. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006). The fact that he is alleging federal question jurisdiction against the USPS and the United States pursuant to 28 U.S.C. § 1331 does not preclude sovereign immunity in the absence of a statute waiving such immunity. *Elldakli v. Garland*, 64 F.4th 666, 670 (5th Cir.), *cert. denied*, No. 23-115, 2023 WL 8531894 (U.S. Dec. 11, 2023). Although Steele correctly asserts that the Federal Tort Claims Act and the Administrative Procedures Act may waive sovereign immunity in certain situations, those are not applicable here. *See* 5 U.S.C. § 704; *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 223 (5th Cir. 1989). Steele's assertion that the Eleventh Amendment does not bar lawsuits against the State of Texas because he was alleging that the defendant was acting contrary to federal law is incorrect. *See Quern v. Jordan*, 440 U.S. 332, 339-40 (1979).

With respect to the individual defendants, officials with the Texas Department of Criminal Justice (TDCJ), Steele does not challenge the district court's dismissal of the claims against them in their official capacities, and any such arguments are deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). As for the claims against these defendants in their individual capacities, Steele contends that they have violated his rights of access to the courts under the First and Fourteenth Amendments because the USPS is the only authorized service to be used by TDCJ prisoners to send legal mail to the courts. He maintains

2

that undue delays in the postal system and the existence of third-party delivery services requires that prisoners be permitted to use another means of delivering legal mail. Steele has not shown that exclusive use of the USPS precludes prisoners from having a reasonably adequate opportunity to challenge their convictions or the conditions of their confinement. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). Moreover, Steele has not sufficiently alleged that he was unable to pursue a nonfrivolous legal claim in light of delays in the mail system. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Finally, Steele alleges that the individual defendants have deprived him of access to the courts under the First and Fourteenth Amendments because they have limited prisoners' access to paper supplies, free postage, the prison law library, and public record information. He concedes that he has access to the prison law library, and he has not shown that limitations on "extra" time or weekend visits were unreasonable or insufficient. *See McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). Additionally, Steele has not shown that he has a constitutional right to unlimited postage, paper, or public records. *See Felix v. Rolan*, 833 F.2d 517, 518 (5th Cir. 1987). Moreover, Steele has not sufficiently alleged that the limitations on supplies or library access prevented him from pursuing a nonfrivolous legal claim. *See Christopher*, 536 U.S. at 415; *McDonald*, 132 F.3d at 230-31.

Steele has not established that he will present a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. This court's dismissal of the appeal as frivolous counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). Steele is CAUTIONED that if

No. 22-50583

he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).