EDWARDS, Judge.
Plaintiff appeals the district court’s denial of his application for a name change. We reverse.
Appellant, who is incarcerated at the state penitentiary in Angola, has taken the name, Abdullah Hakim El-Mumit, as a part of his practice of the Islamic religion, and seeks to have his Islamic name made his legal name. As required by law, the district attorney was made defendant in the proceeding and served with the petition. The district attorney objected to the name change “for the reason that Petitioner's inmate record contains a detainer from the United States Marshall, Baton Rouge, Louisiana, relative to a Parole Warrant,” and the trial court denied petitioner’s name change without reasons.
On appeal, petitioner argues that his first amendment right to freedom of religion has been abridged by the denial of his name change. We agree. Many rights and privileges are withdrawn from prisoners simply by virtue of their confinement. Other rights are necessarily withdrawn or limited by prison security considerations. Bell v. Wolfish, 441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979). Yet despite the fact that defendant is incarcerated for violation of the criminal law, he retains his first amendment rights to the extent that they are not “inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.” Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). Even prisoners must be afforded reasonable opportunity to exercise their religious freedom. Cruz v. Beto, 405 U.S. 319, 322 n. 2, 92 S.Ct. 1079, 1081 n. 2, 31 L.Ed.2d 263 (1972) (per curiam).
Certain restrictions on a prisoner’s religious expression may be necessary to protect legitimate institutional and peno-logical interests, and prison officials’ recommendations in this regard, though not dispositive, are given great deference. Barrett v. Virginia, 689 F.2d 498, 501 (4th Cir.1982). The court, however, must ultimately decide whether a restriction is “ ‘reasonably and substantially justified by considerations of prison discipline and order.’ ” Id. (quoting Sweet v. South Carolina Department of Corrections, 529 F.2d 854 (4th Cir.1975) (en banc)). Restrictions on prisoners’ first amendment rights are constitutional only insofar as they further important state interests and are no broader than necessary to do so. Procunier v. Martinez, 416 U.S. 396, 413, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974).
The district attorney did not file a brief in this court, but we assume from his answer to the petition that his objection to petitioner’s name change is based on the *813 idea that it would disrupt prison records, prison operations, the detainer system, and efforts to recapture escaped prisoners. Although we realize that there is some risk of confusion in prison record keeping when an inmate takes a new name, prison authorities must routinely deal with inmates who have several names at the time they enter prison. Such a prisoner’s record reflects both his legal name and all known aliases. When a prisoner takes his religious name as his legal name, the prison record system could simply add the new name to the existing records reflecting his previous legal name.
In Barrett v. Virginia, the court struck down a law which prohibited prisoner name changes for any reason. The court concluded that this law, which abridged Barrett’s freedom of religious expression, was overbroad. Although our law specifically contemplates requests by prisoners for name changes, see LSA-R.S. 13:4751 B, there may be instances in which legitimate penological interests require the denial of such requests. This, however, is not such a case. The record reveals no reason to believe that appellant’s request for a name change is not sincerely motivated by religious convictions.
The court’s refusal to recognize petitioner’s religious name as his legal name is not reasonably and substantially justified by considerations of the law enforcement record keeping systems. The first amendment does not allow this relatively minor inconvenience for the prison record keeping system to stand in the way of an inmate’s right to express his religion by taking his religious name as his legal name. Barrett v. Virginia, 689 F.2d at 503.
Accordingly the judgment of the trial court is reversed, and it is hereby ordered that Abdullah Hakim El-Mumit shall henceforth be petitioner’s true and lawful name after recordation as required by LSA-R.S. 13:4754.
REVERSED AND RENDERED.