United States Court of Appeals,

Fifth Circuit.

No. 93-4907.

Kevin Deon MATTHEWS, Plaintiff-Appellant,

v.

Dan MORALES, Attorney General of the State of Texas, Defendant-Appellant.

June 21, 1994.

Appeal from the United States District Court for the Eastern District of Texas.

Before WISDOM, DAVIS and DUHÉ, Circuit Judges.

PER CURIAM:

Kevin Deon Matthews appeals the district court's dismissal of his suit alleging that § 32.22 of the Texas Family Code violates his free exercise of religion. Because we find that § 32.22 is logically connected to legitimate state penological concerns, we affirm.

I.

Kevin Deon Matthews, an inmate incarcerated in the Texas state penitentiary, filed a pro se civil rights suit in federal district court. He argues that § 32.22 of the Texas Family Code[1] infringes

---

[1]This section provides:

> a) For good cause shown the court shall order a change of name for any person other than a person finally convicted of a felony as requested if it finds that the change is in the interest or to the benefit of the petitioner and in the interest of the public.
>
> b) A court may order a change of name for a person finally convicted of a felony if, in addition to the requirements of Subsection (a), the person has:

his freedom of religion, equal protection and due process by restricting his ability to change his name. Matthews is an African-American Muslim and contends that:

> according to the Muslim religion, once you come under the Islamic faith, you are required to have your name changed. The reason you have your name changed is because it ties you into the "attributes of God." It's symbolic of a spiritual change. If I am unable to change my name, I am not practicing my religion freely.

Matthews sought the grant of a petition for name change, and declaratory and injunctive relief.

Morales filed a motion to dismiss. The magistrate judge determined that the statute was religiously neutral and not directed at any particular religious group. He concluded that the statute was enacted for security reasons, namely so that a felon could not change his name and evade detection, and concluded that § 32.22 was not unconstitutional "even though it may incidentally burden plaintiff's right to freedom of religion." [Note—may want to add a sentence here after read magistrate's report, which is not in record excerpts] He also determined that Matthews failed to state a claim under equal protection or due process.

Although Matthews' motion to enlarge time to file written objections to the magistrate's report was granted, he failed to

_____

1) received a certificate of discharge by the pardons and paroles division of the Texas Department of Criminal Justice or completed a period of probation ordered by a court and at least two calendar years have elapsed from the date of the receipt of discharge or completion of probation; or

2) been pardoned.

2

file objections.  The district court issued a final judgment, adopting the magistrate's findings and recommendations, granting Morales' motion to dismiss.

II.

Matthews argues that § 32.22 is unconstitutional because it violates his right as a Muslim to the free exercise of religion. He also argues that the statute is overly broad.

Matthews relies on this circuit's decision in *Felix v. Rolan,* 833 F.2d 517 (5th Cir.1987), in which this court affirmed the district court's dismissal of a prisoner's § 1983 complaint.  We held that:

> The adoption of Muslim names by inmates practicing that religion is generally recognized to be an exercise of both first amendment and religious freedom.  Restrictions on these rights pass constitutional muster only if they are no greater than is necessary to further important or substantial state interests.

*Id.* at 518-519 (citations omitted).  This court went on to determine that the state's legitimate interest of prison security justified requiring the prisoner to sign in under both his committed name and his legal Muslim name.  See, also, *Barrett v. Virginia,* 689 F.2d 498 (4th Cir.1982) (a Virginia statute prohibiting incarcerated persons from legally changing names is overly broad and implicates an inmate's right to freedom of religion).

In *Felix,* this court determined that prison regulations implicating free exercise "pass[es] constitutional muster only if they are no greater than is necessary to further important or substantial state interests."  However, in *O'Lone v. Estate of*

3

*Shabazz,* 482 U.S. 342, 349, 107 S.Ct. 2400, 2405, 96 L.Ed.2d 282 (1987), the Supreme Court held that "prison regulations alleged to infringe constitutional rights are judged under a "reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights."

In *O'Lone,* prisoners claimed that regulations barring them from returning to the main prison building where Friday Jumu'ah services were being held violated their free exercise. The Court found that the policy was based on security because returning prisoners had to pass through the main gate, which was a high security risk area, and was also based on minimizing overcrowding. The Court determined that the regulation was reasonable because its terms had "a logical connection to legitimate governmental interests" of security and minimizing overcrowding. *Id.* at 350, 107 S.Ct. at 2405.

The Court also considered whether "alternative means of exercising that right ... remain open to prison inmates." Although prisoners could not attend Jumu'ah services, they could attend other Muslim religious ceremonies, were given a special diet, and were entitled to special arrangements during Ramadan. *Id.* at 351, 107 S.Ct. at 2405.

Under the standard announced in O'Lone, we must determine whether a statute barring name changes by prisoners and probationers, like the regulation barring prisoners from returning to the main building, has "a logical connection to legitimate governmental interests." § 32.22 was enacted for security reasons.

4

It is intended to protect the ability to identify persons sought on warrant and detainer, and to preserve the criminal history of felons. Matthews himself concedes in his brief that these are "legitimate state penological concerns."

We find that the statute barring name changes by felons does have a logical connection to legitimate governmental interest. Moreover, the Texas Department of Criminal Justice—Institutional Division policy permits prisoners to use their committed name followed by "a/k/a" and a Muslim name of choice. § 32.22 does not violate Matthews' free exercise of religion.

AFFIRMED.