# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 95-50315
Summary Calendar

LAWRENCE THOMPSON, also known as
Ibrahim Mustafa Fard,

Plaintiff-Appellant,

versus

CAROLYN POLLARD, Clerk of District Court,
Coryell County, STATE OF TEXAS,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas

(93-CV-441)

December 6, 1995

Before POLITZ, Chief Judge, KING and DENNIS, Circuit Judges.

POLITZ, Chief Judge:[*]

Lawrence Edward Thompson, also known as Ibrahim Mustafa Fard, appeals the 28 U.S.C. § 1915(d) dismissal of his free exercise claim and the grant of summary judgment in favor of the defendant on his access to courts claim. We affirm.

---

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

## Background

Thompson, a Muslim incarcerated in TDCJ-ID, filed a change of name petition in the district court for Coryell County, Texas.[1]  A state district judge denied the petition based upon section 32.22 of the Texas Family Code, which restricts a convicted felon's ability to change his name.[2]  Thompson filed the instant action under 42 U.S.C. § 1983 alleging that section 32.22 unconstitutionally infringes on his free exercise of religion and that he was denied access to courts by the district clerk for Coryell County, who, he alleges, deliberately delayed filing his change of name petition until after the effective date of the amendments to section 32.22 concerning convicted felons.

The district court dismissed Thompson's free exercise claim under 28 U.S.C. 1915(d), granted Pollard's motion for summary judgment, and assessed costs against Thompson. Thompson timely appealed, claiming that (1) his free exercise claims should be remanded for review under the Religious Freedom Restoration Act,[3] (2) summary judgment was not appropriate on the access to courts claim, and (3) the district court erred by assessing costs against him.

---

[1]Thompson desires to change his name because he believes his religion so requires.

[2]Tex. Fam. Code. Ann. § 32.22 (West Supp. 1995) states:

> (a) For good cause shown the court shall order a change of name for any person other than a person finally convicted of a felony as requested if it finds that the change is in the interest or the benefit of the petitioner and in the interest of the public.
>
> (b) A court may order a change of name for a person finally convicted of a felony if, in addition to the requirements of Subsection (a), the person has:
> (1) received a certificate of discharge by the pardons and paroles division of the Texas Department of Criminal Justice or completed a period of probation ordered by a court and at least two calendar years have elapsed from the date of the receipt of discharge or completion of probation; or (2) been pardoned.

[3]42 U.S.C. § 2000bb et seq.

## Analysis

An *in forma pauperis* complaint may be dismissed as frivolous under section 1915(d) if it lacks an arguable basis in law or fact.[4]  We review a section 1915(d) dismissal for an abuse of discretion.[5]  Thompson's claim that section 32.22 is unconstitutional lacks an arguable basis in law.[6]  Thompson nevertheless maintains that we should remand for consideration of his claim under RFRA.  We may not do so; Thompson did not raise an RFRA claim.[7]

Thompson's argument regarding the propriety of summary judgment on the access to courts claim is unavailing.  Summary judgment is reviewed *de novo* under the same standards applied by the district court.[8]  Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[9]  If the moving party meets the initial burden of establishing the lack of a genuine issue of material fact, the burden shifts to the non-movant to produce evidence of a genuine issue for trial.[10]

---

[4]**Denton v. Hernandez,** 504 U.S. 25 (1992).

[5]**Id.**

[6]**Matthews v. Morales,** 23 F.3d 118 (5th Cir. 1994) (holding that section 32.22 does not violate a Muslim prisoner's free exercise of religion).  Thompson seems to believe that the RFRA overrules **O'Lone v. Estate of Shabazz,** 482 U.S. 342 (1987), and its progeny concerning free exercise claims.  This is not the case; the RFRA merely creates a statutory cause of action which draws upon constitutional principles.

[7]Neither his complaint nor his **Spears** hearing testimony makes reference to the RFRA.

[8]**Amburgey v. Corhart Refractories Corp.**, **Inc.,** 936 F.2d 805 (5th Cir. 1991).

[9]Fed.R.Civ.P. 56(c).

[10]**Celotex Corp. v. Catrett,** 477 U.S. 317 (1986).

3

Prisoners have a constitutionally protected right of access to courts.[11] A deliberate impediment to access, even a delay of access, may constitute a constitutional deprivation.[12] Pollard produced competent summary judgment evidence which establishes that the delay was inadvertent and not intentional. Thompson failed to produce any evidence to rebut this evidence. The district court properly granted summary judgment.

Finally, Thompson maintains that the district court erred by imposing costs. Section 1915(e) provides that judgment may be rendered for costs at the conclusion of the action. We review imposition of costs under section 1915(e) for an abuse of discretion.[13] The district court did not abuse its discretion.[14]

Thompson is a frequent litigator who previously has been warned that his "penchant for filing frivolous § 1983 lawsuits and appeals will no longer be tolerated by the courts [and that s]hould he file any more appeals in this court, his papers will be carefully scrutinized, and he will become subject to sanction if the papers or appeals are determined to be frivolous."[15]

In light of our previous warnings, Thompson is now barred from filing any *pro se*, *in forma pauperis*, appeals in this court, or any *pro se*, *in forma pauperis*, initial civil pleading in any court which is subject to our jurisdiction without the prior written permission of a judge of the forum court or of this court. The clerk of this court and the clerks of the federal

---

[11]**Bounds v. Smith,** 430 U.S. 817 (1977).

[12]**Jackson v. Procunier,** 789 F.2d 307 (5th Cir. 1986).

[13]**Moore v. McDonald,** 30 F.3d 616 (5th Cir. 1994).

[14]Thompson contends that his previous actions were not dismissed under section 1915(d) and therefore costs should not be imposed. A case need not be frivolous to merit imposition of costs. **Lay v. Anderson,** 837 F.3d 231 (5th Cir. 1988).

[15]**Thompson v. Jackson,** No. 94-40956 slip op. at 3 (5th Cir. Aug. 10, 1995).

district courts in this circuit are directed to return to Thompson unfiled any attempted submissions inconsistent with this bar. The clerk of this court is directed to furnish copies of this opinion to the clerks of this circuit's district courts, highlighting this order.

Thompson's motion for en banc consideration of the free exercise issue is denied.

**AFFIRMED.**