**In re John William DICKEY.**

No. 06–96–00004–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 8, 1996.

Decided March 8, 1996.

John William Dickey, Three Rivers, for appellant.

Dan Morales, Attorney General, State of Texas, Austin, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

**OPINION**

CORNELIUS, Chief Justice.

John Dickey appeals the denial of his petition for a name change. We affirm.

In his petition, Dickey stated that he had adopted the name of Daniel Ray Erickson in 1979. He conceded that he was convicted in California under the name of John William Dickey for kidnapping in 1980, for attempted burglary in 1985, and for assault in 1986. He also admitted that he was convicted in Florida in 1986 for assault under the name of Daniel Ray Erickson. He admits that he is presently serving a three-year sentence in the Federal Correctional Institution in Three Rivers, Texas, for fraudulent application for a passport in 1995. He was convicted under

---

the name of John William Dickey in the United States District Court for the Southern District of Florida. His projected release date is July 26, 1999.

Dickey argues that he is entitled to a change in name pursuant to the civil statutes of Texas. Section 45.103 the Texas Family Code provides as follows:

> (a) The court shall order a change of name under this subchapter for a person other than a person with a final felony conviction if the change is in the interest or to the benefit of the petitioner and in the interest of the public.
>
> (b) A court may order a change of name under this subchapter for a person with a final felony conviction if, in addition to the requirements of Subsection (a), the person has:
>
>> (1) received a certificate of discharge by the pardons and paroles division of the Texas Department of Criminal Justice or completed a period of probation ordered by a court and not less than two calendar years have passed from the date of the receipt of discharge or completion of probation; or
>>
>> (2) been pardoned.

TEX.FAM.CODE ANN. § 45.103 (Vernon Supp. 1996). Dickey stated in his petition to the court that he wanted to change his name to "Erickson" because his real name, "Dickey," had sexual connotations that were causing him emotional problems.

The petition for name change was filed in the 202nd Judicial District Court of Bowie County while Dickey was incarcerated in the Federal Correctional Institution in Bowie County, Texas. Dickey contends on appeal that the prohibition in the statute against name changes for persons convicted of a felony refers only to felonies occurring within the State of Texas. We disagree. To limit the restrictions on name changes for felons only to convictions in Texas would subvert the purpose of the statute, *viz,* to protect the legitimate governmental interest of being able to identify persons sought on warrant and detainer and to preserve the criminal history of felons. *See Matthews v. Morales,* 23 F.3d 118, 119 (5th Cir.1994). That history, to be of practical use to law enforcement agencies, should encompass felony convictions without regard to the state in which the conviction occurred.

We find that Dickey's argument is without merit. The judgment of the trial court is affirmed.