694 So.2d 1050 (1997)
Percy BARTLEY
v.
John M. MAMOULIDES.
No. 97-CA-42.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 1997.
Percy Bartley, Angola, pro se.
Before DUFRESNE, WICKER and CANNELLA, JJ.
WICKER, Judge.
Percy Bartley appeals the district court's denial of his petition to change his name from Percy Bartley to Sabir Abdullah. We affirm.
Bartley presently is incarcerated at the Louisiana State Penitentiary at Angola. On October 3, 1996 he filed a petition to change his name pursuant to the Religious Freedom Restoration Act of 1993 and La. R.S. 13:4751(B), stating as follows:
[P]etitioner Percy Bartley ... wishes to change his name to Sabir Abdullah, for the following reasons:
1.
Petitioner is a Muslim and his religious faith is Al Islam and after his studies of the Qur'an he came to realize that a name not given by one's natural father is prohibited..... Slavery was a wicked system and was and is prohibited in Al Islam and for me to continue to accept Percy Bartley, a name given to my foreparents by the slavemaster of that evil and wicked system, as my name I would be a wrong-doer... and in violation of my religious faith.... [F]or me to constantly allow myself to be addressed by a name that ties me to that morbid past is an impingement on my constitutional rights under the First Amendment and the Religious Freedom Restoration Act of 1993.
* * * * * *

*1051 Petitioner has firm faith (iman) and is striving to please Allah by adopting attributes that are pleasing to Him and to emulate those attributes by living up to the tenets of the Qur'an.... The Qur'an is an admonition and petitioner is striving to abide by the precepts for he realizes that there is a Day of Atonement.... To deny petitioner's petition to change his name for any reason would be an impingement on his First Amendment right and a violation of the Religious Freedom Act of 1993, 42 U.S.C.A Section 2000 bb-1 to 2000 bb-4.
As required by La. R.S. 13:4751(B), Bartley served a copy of the petition for name change on the district attorney of Jefferson Parish. The district attorney filed an answer objecting to the name change, but stated no reasons for the opposition. The district court denied the petition, whereupon Bartley appealed.
On appeal he reiterates the allegations in his petition. The district attorney has not filed a brief before this court.
La. R.S. 13:4751 provides:
A. The name of a person may be changed as provided in this Section.
B. Whenever any person who has attained the age of majority desires to change his name, he shall present a petition to the district court of the parish of his residence or, in the case of a person incarcerated in a penal institution, to the district court of the parish in which he was sentenced, setting forth the reasons for the desired change.
* * * * * *
D. (1) A person who has been convicted of a felony shall not be entitled to petition for a change of name under the provisions of this Section until his sentence has been satisfied. This Subsection shall apply whether the offender is actually imprisoned or on probation or parole.
(2) Notwithstanding the provisions of Paragraph (1) of this Subsection or any other provision of law to the contrary, a person convicted of any felony enumerated in R.S. 14:2(13) shall not be entitled to petition for a change of name.[1]
In Sparks v. Ware, 509 So.2d 811, 812-813 (La.App. 1st Cir.1987), the first circuit held that denial of a name change to a prisoner violated his First Amendment rights. In that case the court found:
[D]espite the fact that defendant is incarcerated for violation of the criminal law, he retains his first amendment rights to the extent that they are not "inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." * * * Even prisoners must be afforded reasonable opportunity to exercise their religious freedom. * * *
The Sparks court held that restrictions on prisoners' first amendment rights are constitutional only insofar as they further important state interests and are no broader than necessary to do so. The court stated that, while "there may be instances in which legitimate penological interests require the denial of such requests," it did not feel the matter before it was such a case: "The record reveals no reason to believe that appellant's request for a name change is not sincerely motivated by religious convictions." Id. The court concluded, "The first amendment does not allow this relatively minor inconvenience for the prison record keeping system to stand in the way of an inmate's right to express his religion by taking his religious name as his legal name." Id.
In Campbell-El v. District of Columbia, 874 F.Supp. 403, 408 (D.D.C.1994), the federal district court stated:
The Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb, imposes strict scrutiny "in all cases where free exercise of religion is substantially burdened." In relevant part, RFRA provides:
(a) IN GENERALGovernment shall not substantially burden a person's exercise of religion even if the burden results *1052 from a rule of general applicability, except as provided in subsection (b)
(b) EXCEPTIONGovernment may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person
(1) is in furtherance of a compelling governmental interest; and
(2) is the least restrictive means of furthering that compelling governmental interest.
A prisoner can invoke RFRA where a prisoner can establish that there has been a substantial burden placed on his exercise of religion. * * *
The Supreme Court has held that "the proper standard for determining the validity of a prison regulation claimed to infringe on an inmate's constitutional rights is to ask whether the regulation is `reasonably related to legitimate penological interests.'" * * *
In Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 1082, 31 L.Ed.2d 263 (1972), the United States Supreme Court held that "reasonable op[p]ortunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendment without fear of penalty."
The fact that petitioner is incarcerated at the state penitentiary is, ipso facto, evidence that he has been convicted of a felony. Under Section D(1), therefore, he is not entitled to petition for a change of name until his sentence has been satisfied. Petitioner failed to establish, further, that he is eligible for a change of name, since he does not mention the crime of which he was convicted. Under Section D(2), persons convicted of any crimes of violencethe felonies enumerated in R.S. 14:2(13)are not entitled to petition for a change of name.[2]
Unlike the first circuit, we believe the requirements of prison record-keeping and identification of convicted felons can take precedence over religious practices unless those practices are shown to be compelling requirements of the religion. The petition here sets forth no compelling reason for the name change. Further, unless Bartley was convicted of a crime of violence, he will be able to petition for the name change when his sentence has been satisfied. We do not find the statutory limitations place substantial burdens on his religious liberty.
There is no showing in this case that petitioner has in any way been penalized in the exercise of his religious freedom. His complaint that to be addressed by a name that ties him to a "morbid past" does not reach constitutional proportions.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
NOTES
[1] La. R.S. 14:2(13) defines "crime of violence" and states that the enumerated offenses and attempts to commit any of them are included as "crimes of violence." The statute lists 31 specific offenses, including various forms of murder, manslaughter, battery, rape, kidnapping, robbery and other offenses.
[2] We note this court previously decided a criminal case involving a Percy BartleyState v. Bartley, 564 So.2d 1297 (La.App. 5th Cir.1990)in which we upheld the defendant's conviction of armed robbery and resulting sentence of 75 years at hard labor without benefit of probation, parole, or suspension of sentence. However, the record before us does not establish whether the petitioner here is the same Percy Bartley.