FOGG, J.
By this appeal, an inmate challenges a district court’s judgment upholding the constitutionality of LSA-R.S. 13:4751 D. For the following reasons, we affirm.
In December of 1992, Kenny Wayne Whitmore, an inmate at the Louisiana State Penitentiary, brought this suit challenging the constitutionality of LSA-R.S. 13:4751 D, contending the provision infringes his freedom of religion, expression and equal protection. Based on his conversion to the Islamic faith, Whitmore sought to have his name changed to Eusi Zulu Heshima. Following evidentiary hearings, the trial court determined LSA-R.S. 13:4751 D was constitutional based on the prison system’s “legitimate interest in prison security which requires an efficient system of identification and administration of prisoners within its custody .... ” From this adverse judgment, Whitmore appeals.
At the time suit was filed, LSA-R.S. 13:4751 provided as follows:
A. The name of a person may be changed as provided in this Section.
B. Whenever any person who has , attained the age of majority desires to change his name, he shall present a petition to the district court of the parish of his residence or, in the case of a person incarcerated in a penal institution, to the district court of the parish in which he was sentenced, setting forth the reasons for the desired change.
[[Image here]]
D. A person who has been convicted of a felony shall not be entitled to petition for a change of name under the provisions of this Section until his sentence has been satisfied. This Subsection shall apply whether the offender is actually imprisoned or on probation or parole.
.Subsection D was added by La. Acts 1988, No. 421, § 1.
Herein, we must consider whether LSA-R.S. 13:4751 D impinges on Whit-more’s right to exercise his religious faith. In O’Lone v. Estate of Shabazz, 482 U.S. 342, 349, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987), the Supreme Court set forth the proper standard of review for prison regulations claimed to inhibit the exercise of constitutional rights, as follows: “[P]rison regulations alleged to infringe constitutional rights are judged under a ‘reasonableness’ test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights-‘[W]hen a prison regulation impinges on inmates’ constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.’ Turner v. Safley[, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987) ].”
In Matthews v. Morales, 23 F.3d 118 (5th Cir.1994), the Fifth Circuit upheld the constitutionality of a Texas statute barring name changes by prisoners and probationers. Applying the standard announced in O’Lone, the court found that the statute had “a logical connection to legitimate governmental interests” and thus did not violate the inmate’s free exercise of religion. Matthews, 23 F.3d at 119-120.
Like the Texas statute in Matthews, LSA-R.S. 13:4751 D is logically connected to legitimate governmental interests. It was enacted for security reasons and is intended to maintain adequate identification records and to preserve the criminal history of convicted felons. The provision is necessary to maintain security, order, and administrative efficiency in penal institutions. Because the statute’s limitation on inmates’ name changes is reasonably related to legitimate penological interests, it is not unconstitutional.[1]
*367 We note this circuit’s decision in Sparks v. Ware, 509 So.2d 811 (La.App. 1 Cir.1987), which held that a denial of ajáname change to a prisoner violated his First Amendment right to exercise religious freedom. Sparks was decided before the adoption of LSA-R.S. 13:4751 D and thus did not address the constitutionality of this paragraph. The court in Sparks held that there could be no outright ban of a prisoner’s request to change his name for religious purposes, but recognized “legitimate penological objectives of the corrections system” could result in limitations being imposed on one’s right to freely exercise their religious beliefs. Sparks v. Ware, 509 So.2d at 812. The Sparks court stated that “there may be instances in which legitimate penological interests require the denial of [name change] requests.” Sparks v. Ware, 509 So.2d at 813. LSA-R.S. 13:4751 D provides a legitimate limitation, as opposed to a complete ban on name changes. Only those convicted of a felony are impacted and the time frame is limited to satisfaction of sentence. Thus, Sparks is not applicable. The statutory limitations do not unconstitutionally impair religious freedom. See also Bartley v. Mamoulides, 97-42 (La.App. 5 Cir. 4/29/97), 694 So.2d 1050, which was decided after the enactment of LSA-R.S. 13:4751 D, and held denial of an inmate’s petition to change his name did not penalize his exercise of religious freedom.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed to appellant, Kenny Wayne Whitmore.
AFFIRMED.

. We note that, in this case, defendants have agreed to permit Whitmore to use both his *367 committed name and his adopted religious name by recognizing him as “Kenny Wayne Whitmore a/k/a Eusi Zulu Heshima.”