766 So.2d 1197 (2000)
Sabir Abdul-Haqq YASIR, Appellant,
v.
Harry K. SINGLETARY, Michael Friedman and Michael Cotton, Appellees.
No. 5D99-1883.
District Court of Appeal of Florida, Fifth District.
September 15, 2000.
*1198 Sabir Abdul-Haqq Yasir, Clermont, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Locksley O. Wade, Assistant Attorney General, Tampa, for Appellees.
GRIFFIN, J.
Sabir Abdul-Haqq Yasir ["Yasir"] a/k/a Randy Ferguson appeals a "final summary judgment" entered in favor of the defendants, various prison officials, below. In his complaint, Yasir challenged the loss of sixty days gain time for using his new religious name[1] in conjunction with his committed name (Randy Ferguson) on official documents. Yasir alleged that the refusal to permit him to use his new religious name violated his right to religious freedom under Article I, Section 3, of the Florida Constitution, and his rights under Florida's Religious Freedom Restoration Act, § 761.01, et seq.
The record shows that DOC has recognized Sabir Abdul-Haqq Yasir as his committed name, and the DOC does not contend on appeal that Yasir is not entitled to use his new religious name.[2] The DOC's position appears to be that it was entitled to insist that Yasir use his original committed name until the Department recognized the name change by changing his committed name to Yasir. Yasir seems to be arguing that the DOC was required to recognize his new legal name as his committed name (or to allow him to use his new legal name in conjunction with his committed name) as soon as he gave his probationary officer a certified copy of the court order changing his name (which he alleges was on July 31, 1998).
We agree with the lower court that prison officials have the right to impose reasonable limitations on institutional uses of changed names, whether the change was religiously motivated or not. See Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); O'Lone v. Estate of Shabazz, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); Spies v. Voinovich, 173 F.3d 398 (6th Cir.1999); Azeez v. Fairman, 795 F.2d 1296 (7th Cir.1986); Warner v. City of Boca Raton, 64 F.Supp.2d 1272 (S.D.Fla.1999); compare Matthews v. Morales, 23 F.3d 118 (5th Cir.1994); Whitmore v. State, 752 So.2d 365 (La.App. 1 Cir., 2000). To require the changed name to be administratively processed prior to the prisoner being allowed to travel under the new name is reasonable. Yasir has not alleged that there is no reasonable mechanism to administratively *1199 implement a name change or that the procedures which are in place bear no rational relationship to a legitimate penological interest.
AFFIRMED.
THOMPSON, C.J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] We accept Yasir's representation that he has legally changed his name. The record does not demonstrate it.
[2] Accordingly, we do not decide the issue.