*Maritza Lopez v. Commissioner of Social Security*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand fifteen.

Present:
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*,
> ANALISA TORRES,
> *District Judge.**

_____

MARITZA LOPEZ,

> *Plaintiff-Appellant*,

v.                                                          14-4391

COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Christopher James Bowes, Shoreham, NY, and William Gottlieb, New York, NY. |
| For Defendant-Appellee: | Preet Bharara, United States Attorney for the Southern District of New York, Joseph A. Pantoja, Benjamin H. Torrance, Assistant United States Attorneys for the Southern District of New York, New York, NY. |

* The Honorable Analisa Torres, of the United States District Court for the Southern District of New York, sitting by designation.

1

**UPON DUE CONSIDERATION WHEREOF** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant Maritza Lopez ("Lopez") appeals from the August 5, 2014 order and the September 29, 2014 judgment of the United States District Court for the Southern District of New York (Carter, *J.*) affirming the April 2, 2012 final administrative decision denying her application for disability benefits. Lopez challenges this disability determination on the grounds that the Administrative Law Judge ("ALJ") (1) failed to properly develop the administrative record, and (2) improperly rejected Lopez's subjective complaints of pain. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal, which we describe here only as necessary to explain our decision.

\* \* \*

"When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (citation omitted). "We conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* (citation and internal quotation marks omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted).

In evaluating whether substantial evidence supports a disability determination, "we defer to the Commissioner's resolution of conflicting evidence," *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), and can reject findings of fact "only if a reasonable factfinder

2

would *have to conclude otherwise*," *Brault v. Soc. Sec. Admin.*, *Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)) (emphasis in original) (citation omitted). Accordingly, we "may not substitute [our] own judgment for that of the [Commissioner], even if [we] might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

Under the Social Security Act, a "disability" is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether an individual is disabled, the Commissioner employs a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. Until the final step in this process, the burdens of production and persuasion remain solely with the claimant. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998).

Before assessing whether the ALJ's determination was supported by substantial evidence, "we must first be satisfied that the claimant has had a full hearing." *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990) (quoting *Echevarria v. Sec'y of Health & Human Servs.,* 685 F.2d 751, 755 (2d Cir. 1982)). Whether dealing with a *pro se* claimant or one represented by counsel, the ALJ must "develop [the claimant's] complete medical history." 20 C.F.R. § 404.1512. *See also Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (describing duty to develop record). Moreover, when the claimant appears *pro se*, this Circuit has stated that the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cruz*, 912 F.2d at 11 (quoting *Echevarria*, 636 F.2d at 895). And, in circumstances like those here, we have "repeatedly stated":

3

> [W]hen the ALJ rejects the findings of a treating physician because they were conclusory or not supported by specific clinical findings, he should direct a *pro se* claimant to obtain a more detailed statement from the treating physician.

*Cruz*, 912 F.2d at 12. Subsection (c)(2) of 20 C.F.R. § 404.1527, moreover, provides that opinions by treating physicians are granted "controlling weight," provided the opinions are (1) "well-supported" or (2) "not inconsistent with other substantial evidence" in the administrative record. 20 C.F.R. § 404.1527(c)(2).

In this case, the ALJ discounted the opinion of one treating physician, Dr. Andrew Brown, as "conclusory or not supported by specific clinical findings," *Cruz*, 912 F.2d at 12, i.e., in the language of the applicable regulation, not "well-supported." 20 C.F.R. § 404.1527(c)(2). In particular, the ALJ gave "[l]ittle weight" to Dr. Brown's diagnosis of Lopez as "total[ly]" disabled, because Dr. Brown's underlying medical findings were "unchanged" from recent examinations in which Dr. Brown had deemed Lopez not disabled.[1] AR18, 333. Before rejecting Dr. Brown's opinion on these grounds, the ALJ should have afforded Lopez "an opportunity to obtain a more detailed statement" from Dr. Brown. *Echevarria*, 685 F.2d at 756 (quoting *Hankerson v. Harris*, 636 F.2d 893, 896 (2d Cir. 1980)).[2]

In addition, consistent with the ALJ's "duty to adequately protect a *pro se* claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered," *Cruz*,

---

[1] We query whether Dr. Brown's opinion did, in fact, rest on "unchanged" medical findings, given Dr. Brown's notation of Lopez's deep vein thrombosis and recent hospitalization. Dr. Brown's earlier medical records do not reference deep vein thrombosis.

[2] Lopez also argues that the ALJ failed to develop the record with respect to her "prior relevant work" at stage four of the disability determination. While we do not reach this question, we note that it is unclear whether the contents of the "supplemental record" were part of the administrative record at the time of Lopez's hearing. Because the ALJ decision appears to rely, at least in part, on disclosures by Lopez memorialized in these documents, the agency should confirm and clarify on remand that Lopez had an opportunity to contest these findings. *See* 42 U.S.C. § 405(b).

4

912 F.2d at 11 (citation and alteration omitted), the ALJ should have investigated Lopez's statement at the hearing that she had been "hospitalized for four days due to [her] back" in summer 2011.  AR33.  The records from Metropolitan Hospital describe no such hospitalization,[3] creating an "obvious gap[]" in the record that the ALJ should have addressed in his April 2, 2012 decision. *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999).

For the reasons stated above, we **VACATE AND REMAND** the District Court's August 5, 2014 order and September 29, 2014 judgment for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] The records from Metropolitan Hospital do indicate treatment for back pain on August 10, 2011, but this does not appear to have involved any stay or "hospitalization" (much less for a period of four days).

5