Guillen v. Berryhill

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of September, two thousand seventeen.

Present:     JON O. NEWMAN,
             GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                  *Circuit Judges*.

─────────────────────────────────────────────

KAREN M. GUILLEN,

                  *Plaintiff-Appellant*,

          v.                                                      16-3421

NANCY A. BERRYHILL[1], ACTING COMMISSIONER
OF SOCIAL SECURITY,

                  *Defendant-Appellee*.

─────────────────────────────────────────────

Appearing for Appellant:     Carolyn A. Kubitschek, Lansner & Kubitschek, New York, N.Y.

Appearing for Appellee:      Rebecca H. Estelle, Special Assistant U.S. Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT

───────────────

[1] Nancy A. Berryhill is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

1

Appeal from the United States District Court for the District of Connecticut (Covello, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Karen M. Guillen appeals from the August 31, 2016 judgment of the United States District Court for the District of Connecticut denying her motion to reverse or remand the decision of the Commissioner of the Social Security Administration denying her applications for supplemental security income benefits and supplemental security income benefits and granting the motion of the Commissioner for an order affirming her decision. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

When this Court reviews the Commissioner's denial of Social Security benefits, "our focus is not so much on the district court's ruling as it is on the administrative ruling." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (citation omitted). "[I]t is not our function to determine de novo whether a plaintiff is disabled." *Id*. Rather, "'we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied.'" *Id*. (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)).

Guillen argues that the administrative law judge failed to adequately develop the record below. We agree. "[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel or by a paralegal." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir.1999) (internal alterations and quotation marks omitted). The ALJ's duty to develop the record reflects "the essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Where, as here, the claimant proceeds pro se, "the ALJ's duties are heightened." *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) (internal quotation marks omitted). "The ALJ must adequately protect a pro se claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered and by scrupulously and conscientiously probing into, inquiring of, and exploring for all the relevant facts." *Id*. (internal quotation marks and brackets omitted). However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa*, 168 F.3d at 79 n.5 (internal quotation marks omitted). An ALJ's failure to develop the record warrants remand. *See id.* at 79–80.

Here, the ALJ failed to obtain a medical source statement from Guillen's treating physician, or to encourage Guillen to do so herself. The Commissioner argues such a statement was twice requested but never received, and that in any event, remand for a treating physician's report "is not always required when an ALJ fails in his duty to request opinions, particularly where . . . the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi v. Comm'r of Soc. Sec.*, 521 Fed. App'x 29, 34 (2d Cir. 2013). Unlike *Tankisi*, the medical records obtained by the ALJ do not shed any light on Guillen's residual functional capacity, and the consulting doctors did not personally evaluate

2

Guillen. The medical records discuss her illnesses and suggest treatment for them, but offer no insight into how her impairments affect or do not affect her ability to work, or her ability to undertake her activities of everyday life. The ALJ relied on this absence when noting that "no physician has opined that the claimant is disabled." Admin. R. at 14. As Guillen argues, it is, at a minimum, unclear from the record whether Guillen's treating physician understood that the ALJ was seeking an answer to that question. Indeed, it is unclear from the record that such a request was even made.

The ALJ also improperly rejected the treating physician's diagnosis of lupus. The ALJ states that "while this diagnosis was noted as a possibility, the medical record contains no formal diagnosis or treatment for this impairment." Admin. R. at 12. This statement is at odds with the diagnosis of lupus set forth in the medical records provided by the treating physician. It is well-settled that "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks and brackets omitted). Further, given "the ALJ's affirmative duty to develop the administrative record, an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record," *id.*, and then proceeding to "carefully weigh" that record. *Id.* (internal quotation marks omitted).

We thus vacate the decision of the district court and remand to the district court with instructions to remand the matter to the Commissioner for further proceedings consistent with this order, including directing the Commissioner to (1) provide a new administrative law judge to consider Guillen's application; (2) request a medical source statement from Guillen's treating physician, including an assessment of Guillen's limitations vis-à-vis her ability to work; as well as a clarification of the putative lupus diagnosis; (3) allow Guillen to supplement the record with any additional relevant medical records; (4) reassess Guillen's credibility in light of any newly obtained relevant information; (5) reassess Guillen's residual functional capacity in light of the expanded record; and (6) if warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational choices. Accordingly, the judgment of the district court hereby is VACATED and this matter REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3