16-2672-cv
Morris v. Berryhill

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand eighteen.

PRESENT: DENNIS JACOBS,
         REENA RAGGI,
         PETER W. HALL,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
Sheila Jean Morris,
         Plaintiff-Appellant,

         -v.-                                16-2672-cv

Nancy A. Berryhill, Acting
Commissioner of Social Security,
         Defendant-Appellee.[1]
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Elizabeth Haungs, Law Offices of
                        Kenneth Hiller, PLLC, Amherst,
                        New York.

FOR APPELLEE:           Graham Morrison, Special
                        Assistant United States
                        Attorney, for James P. Kennedy,

---

[1] Pursuant to FRAP 43(c)(2), Acting Commissioner Nancy A. Berryhill is automatically substituted for Carolyn W. Colvin.

1

Jr., Acting United States Attorney for the Western District of New York (Stephen P. Conte, on the brief).

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Sheila Morris appeals from the judgment of the United States District Court for the Western District of New York affirming the Commissioner's denial of her application for Supplemental Social Security disability income. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Sheila Morris filed a Title XVI application for supplemental security income in September 2011 alleging disability since June 1, 2008. The application was denied, and Morris requested a hearing before an Administrative Law Judge ("ALJ"). Appearing *pro se*, Morris submitted testimony and documentation about her condition and capacity at the February 2013 hearing. The ALJ also consulted the medical opinion and notes of Morris's treating physician, Dr. Ellis Gomez, in addition to treatment records from a geriatrician, a specialist in physiatry and rehabilitation, and a neurologist, as summarized below.

These treatment records show that Morris suffers from hypertension, hypothyroidism, and sporadic pain in her hands, feet, neck, and back. In a March 14, 2011 employability assessment, Morris was diagnosed with hypertension, hypothyroidism, and swelling in her ankles and forearms; it was recommended that she not work for three months. Later that year, Morris' treating physician Dr. Gomez diagnosed obesity, high cholesterol, and mild plantar fasciitis in the ankles, but otherwise normal extremities. Dr. Gomez's August 30, 2011 employability assessment noted the same set of conditions, and opined that Morris was moderately limited in walking, standing,

2

sitting, lifting, pushing, and climbing.  A November 22, 2011 physical exam and diagnosis by Dr. Gautam Arora detected the same conditions in addition to chronic pain, but only identified mild limitations in physical movement. These diagnoses revealed no limitation in mental function limitations and no limitation in seeing, hearing, speaking, or the use of hands.  In February 2012, after Morris complained of pain and numbness in her hands and forearms, Morris saw Dr. Jeannie Koenig, a neurologist, who diagnosed moderate carpal tunnel syndrome.

On June 26, 2012, Dr. Gomez completed another functional capacity assessment, this time opining that Morris was "moderately limited" due to impairments in all areas of physical functioning and most areas of mental functioning, including: understanding and carrying out instructions; making simple decisions; interacting appropriately with others; maintaining socially appropriate behavior; and functioning in a work setting.  As a result, Dr. Gomez concluded that Morris would not be able to work. Before the ALJ, Morris was not able to name her medical conditions, but she testified that: she had a ninth-grade special education; she had never worked full time; and she could not work due to trouble with her feet, legs, and arms.

To be disabled under the Social Security Act ("Act"), a claimant must establish an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).  The Commissioner engages in a five-step process to determine disability status, with the burden resting on the claimant for the first four steps and on the Commissioner for the fifth.  20 C.F.R. § 404.1520(a)(4); see also Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008).  The ALJ found that the medical record evinced "severe impairments," but determined that Morris retained the residual functional capacity to perform light work, with certain limitations, and that the Commissioner had proven that such work existed in significant numbers in the national economy.  The ALJ therefore denied Morris'

application, ruling that she was not under a "disability" within the meaning of the Act.

Morris alleges that she did not receive a full and fair hearing because the ALJ failed to develop the record with a complete medical history, particularly in light of her *pro se* status. Morris also argues that the ALJ inappropriately discounted the June 26, 2012 medical opinion of Morris' treating physician, Dr. Gomez, that Morris was unable to work. The district court found that the ALJ fulfilled the duty to develop the record and that the ALJ's determination was supported by substantial evidence. The Commissioner's motion for judgment on the pleadings was granted.

Our review of the denial of disability benefits "focus[es] on the administrative ruling rather than the district court's opinion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (citation omitted). The threshold question is whether the claimant received a full and fair hearing. "[T]he social security ALJ, unlike a judge in a trial, must on behalf of all claimants ... affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 508-09 (2d Cir. 2009) (citations and alterations omitted); see also Butts v. Barnhart, 388 F.3d 377, 386 (2d Cir. 2004) ("It is the ALJ's duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits.") (citations and alterations omitted). Failure to develop the record warrants remand. See Rosa v. Callahan, 168 F.3d 72, 79-80 (2d Cir. 1999); Moran, 569 F.3d at 113-15 (vacating and remanding for "perfunctory" efforts by the ALJ to develop the record).

This duty is heightened for a *pro se* claimant. See Moran, 569 F.3d at 113; Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990). When a disability benefits claimant appears *pro se*, the ALJ must "ensur[e] that all of the relevant facts are sufficiently developed and considered." Cruz, 912 F.2d at 11 (internal quotation marks, citations, and alterations omitted). Further, an ALJ "cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record." Rosa, 168 F.3d at 79.

4

Morris contends that the record was deficient because the ALJ discounted the opinion of her treating physician, Dr. Gomez, and that gaps remained in the administrative record, in particular, missing treatment notes.  Dr. Gomez did receive requests for documents from the Social Security Administration, to which she responded with treatment records for Morris through April 2012.  Additionally, at the hearing, Morris provided the ALJ with supplemental records from Dr. Gomez including a functional capacity assessment dated June 21, 2012, progress notes dated December 31, 2012, and correspondence between Dr. Gomez and other treating physicians.  Morris argues, however, that the ALJ had a duty to recontact Dr. Gomez to obtain any outstanding records or clarification as of February 2013 before discarding his opinion.  See Rosa, 168 F.3d at 80; Selian v. Astrue, 708 F.3d 409, 420-21 (2d Cir. 2013).

The appellant urges that three missing records may exist that bear on Dr. Gomez's "moderately limited" opinion.  But that theoretical possibility does not establish that the ALJ failed to develop a complete record.  It is at best disputed whether these records offer the salient corroboration to Dr. Gomez's June 26, 2012 diagnosis argued by the appellant.  As the Government points out, there is no evidence that the alleged appointments were held or that the corresponding records exist.  And Morris has no information about their contents.

Moreover, many of the recommendations made in Dr. Gomez's June 26, 2012 opinion are contradicted by his own August 30, 2011 opinion, which noted that Morris had no mental deficiencies.  Dr. Gomez consistently found relatively mild limitation related to his patient's obesity, hands, and feet, none of which supported the wide-ranging and extreme functional limitations identified in his assessment affecting areas such as speech, socialization, and attention span.  The duty to recontact arises only if the ALJ lacks sufficient evidence in the record to evaluate the doctor's findings, not when the treating physician's opinion is inconsistent with her own prior opinions and the rest of the record.  See Guillen v. Berryhill, 697 F. App'x 107, 108 (2d Cir. 2017)(summary

5

order)(citing Rosa, 168 F.3d at 79 n.5)); see also Rebull v. Massanari, 240 F. Supp. 2d 265, 272 (S.D.N.Y. 2002).

Morris responds that the missing treatment notes would show that her condition deteriorated significantly between August 2011 and June 2012; but this is dubious, especially considering the addition of previously undiagnosed social and cognitive handicaps.  Further, the ALJ already possessed records from Dr. Gomez spanning May 2011 to December 2012, in addition to numerous assessments and notes from other physicians that cover each possible impairment, none of which corroborate the physical and mental limitations listed in the June 26, 2012 opinion. See Carvey v. Astrue, 380 F. App'x 50, 51 (2d Cir. 2010) (summary order)("[B]ecause the record evidence was adequate to permit the ALJ to make a disability determination, we identify no merit in [the] claim that the ALJ was obligated *sua sponte* to recontact the treating physician[].").

Morris relies on Lopez v. Comm'r of Soc. Sec. to illustrate that the omission of even one treatment source for a *pro se* claimant requires remand.  622 F. App'x 59 (2d Cir. 2015).  In Lopez, a summary order, the claimant stated at her hearing that she had been "hospitalized for four days" due to back pain, but the hospitalization did not appear in the administrative record.  Id. at 61.  The court concluded that the absence of the hospital stay "creat[ed] an obvious gap in the record" and remanded for the ALJ to further develop the record.  Id. (internal quotation marks and alterations omitted) (citing Rosa, 168 F.3d at 79 n. 5).  But an overnight hospital stay is likely to be a serious and critical medical event that could materially change the weight of the evidence on the disability determination; the potentially missing records here would consist of routine check-up and progress notes, with no indication that they contain significant information.  It is not even clear that any records are actually missing.

With a sufficient administrative record, we review "*de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010) (citation omitted).  Substantial evidence "means such relevant

6

evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted). If there is substantial evidence to support the Commissioner's decision, it must be upheld. 42 U.S.C. § 405(g); see also Moran, 569 F.3d at 112.

Morris argues that the ALJ's disability decision is not supported by substantial evidence because it insufficiently credits the medical opinion of her treating physician, Dr. Gomez.

Under the Treating Physician Rule, the "opinion of a treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence." Rosa, 168 F.3d at 78-79; see also Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008). But the opinion of a treating physician is not absolute. See Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); cf. Minix v. Chater, No. 95CIV.8410(SAS), 1996 WL 435164, at *3 (S.D.N.Y. Aug. 1, 1996). As explained above, Dr. Gomez's June 2012 opinion was not supported by his diagnoses; conflicted with his earlier August 30, 2011 assessment; and painted a graver picture of Morris' health than any of Morris' consulting physicians' assessments could support. In the event of such a conflict, "we defer to the Commissioner's resolution of conflicting evidence," Cage v. Comm'r of Soc. Sec., 692 F.3d 118, 122 (2d Cir. 2012), and reject the ALJ's findings "only if a reasonable factfinder would *have to conclude otherwise*." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012)(emphasis in original)(citation omitted). Rejecting Dr. Gomez's opinion here in favor of contrary evidence was a proper exercise of discretion. See Veino v. Barnhart, 312 F.3d 578, 588-89 (2d Cir. 2002).

Aside from the discounted opinion of Dr. Gomez, substantial evidence supports the ALJ's determination that Morris is not disabled and can perform work available in the national economy with certain limitations. See 20 C.F.R. § 416.920(f); Talavera v. Astrue, 697 F.3d 145, 151, 153 (2d Cir. 2012).

For the foregoing reasons, and finding no merit in **MORRIS**'s remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK